# IN THE SUPREME COURT OF TEXAS

No. 12-0251

CROSSTEX ENERGY SERVICES, L.P., PETITIONER,

v.

PRO PLUS, INC., RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

**Argued September 10, 2013**

JUSTICE GREEN delivered the opinion of the Court.

This interlocutory appeal arises out of property damage that resulted from an explosion at a natural gas compression station. The station owner, Crosstex Energy Services, L.P., sued the lead construction contractor, Pro Plus, Inc. The parties then entered a Rule 11 agreement to move expert designation dates beyond the limitations period. After limitations ran, Pro Plus moved to dismiss because Crosstex had not filed a certificate of merit with its original petition as required by section 150.002 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 150.002. In a single order, the trial court denied the motion and granted Crosstex an extension to file the certificate. The court of appeals reversed the trial court's ruling and remanded the case. We must decide: (1) whether the court of appeals had jurisdiction to hear Pro Plus's interlocutory appeal of the extension order; (2) whether section 150.002's "good cause" extension is available only when

a party filed suit within ten days of the end of the limitations period; (3) whether a defendant's conduct can waive the plaintiff's certificate of merit requirement; and (4) if waiver is possible, whether Pro Plus's conduct constituted waiver. Because we answer yes to the first three questions but hold that Pro Plus did not waive Crosstex's certificate of merit requirement, we affirm the judgment of the court of appeals.

## I. Jurisdiction

This Court has limited jurisdiction over interlocutory appeals. *See* TEX. GOV'T CODE § 22.225(b)(3). We always have jurisdiction, however, to consider whether a court of appeals appropriately exercised jurisdiction. *E.g.*, *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300 (Tex. 2011). Further, we have jurisdiction over an interlocutory appeal where, as here, justices of a court of appeals disagree on a question of law material to the decision. TEX. GOV'T CODE § 22.001(a)(1); *see Gonzalez v. Avalos*, 907 S.W.2d 443, 444 (Tex. 1995) (per curiam). We therefore conclude that we have jurisdiction to hear this case.

## II. Facts and Procedural Background

Crosstex provides natural gas gathering and transmission services. Crosstex uses compression stations to increase the pressure of gas from the field and discharge the gas through pipelines to downstream stations. Crosstex hired Pro Plus, a registered professional engineering firm, as the principal contractor to construct the Godley Compression Station. On November 15, 2008, a control valve gasket at the station failed. The resulting gas leak, once ignited, created a massive fire causing $10 million in property damage. Crosstex filed suit on April 14, 2010, asserting causes of action for general and specific negligence, negligent misrepresentation, breach

2

of implied and express warranty, and breach of contract. Pro Plus's answer generally denied each allegation, raised affirmative defenses, and included requests for disclosure under Texas Rule of Civil Procedure 194.2. Notably, Pro Plus's answer did not raise the issue of a certificate of merit under Texas Civil Practice and Remedies Code section 150.002.

The trial court entered a docket control order setting the dates for the parties to designate experts pursuant to Rule 194.2. Pro Plus joined Crosstex's motion for continuance, which the court granted just before the two-year statute of limitations ran on the negligence claims. The parties signed a Rule 11 agreement extending Crosstex's expert designation deadline to April 8, 2011, beyond the limitations period. On December 2, 2010, after limitations had run, Pro Plus moved to dismiss Crosstex's claims for failure to attach a certificate of merit to its original petition as required by section 150.002. TEX. CIV. PRAC. & REM. CODE § 150.002(e). Crosstex responded by arguing that Pro Plus waived its right to dismissal through its conduct, and that this conduct was sufficient "good cause" for an extension under section 150.002(c). *Id.* § 150.002(c), (e). The trial court denied the motion to dismiss and granted an extension in the same order.

Pro Plus appealed the interlocutory order. The court of appeals held: (1) it had jurisdiction to hear the interlocutory appeal; (2) the trial court abused its discretion by granting the extension without good cause; and (3) Pro Plus did not waive its right to dismissal. 388 S.W.3d 689, 698, 702, 706 (Tex. App.—Houston [1st Dist.] 2012, pet. granted). We granted Crosstex's petition for review. 56 Tex. Sup. Ct. J. 492 (Apr. 19, 2013).

3

### III.  Court of Appeals' Interlocutory Appeal Jurisdiction

The certificate of merit statute applies to actions for damages arising out of "the provision of professional services by a licensed or registered professional," such as Pro Plus. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(a).  A plaintiff "shall" file an affidavit of a qualified third party in the same profession; the affidavit must substantiate the plaintiff's claim on each theory of recovery. *See id.* § 150.002(a), (b).  Failure to file this affidavit (hereafter "certificate of merit") results in dismissal. *Id.* § 150.002(e).  This dismissal may be with or without prejudice. *See id.*

The threshold question is the court of appeals' jurisdiction to hear this interlocutory appeal. As a general rule, appellate courts may consider appeals from interlocutory orders only when such power is conferred expressly by statute. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).  Here, section 150.002(f) provides: "An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order."  TEX. CIV. PRAC. & REM. CODE § 150.002(f).  The trial court order simultaneously granted Crosstex an extension to file a certificate of merit and denied Pro Plus's motion to dismiss.[1]   Because the statute does not mention

---

[1] The language of the order is as follows:

On the below entered date came on to be heard Defendant Pro Plus'[s] Motion to Dismiss and Plaintiff Crosstex Energy Services, L.P.'s Motion to Extend Time, and the Court, after reviewing the Motions, taking judicial notice of the other pleadings on file, and considering the argument of counsel, is of the opinion Defendant's Motion to Dismiss should be denied. For good cause shown, and in the interest of justice, the Court therefore:

ORDERS, ADJUDGES and DECREES that Plaintiff Crosstex Energy Services, L.P. file an expert report in compliance with the Certificate of Merit requirements contained in CPRC § 15[0].002 on or before the agreed deadline between the parties for Plaintiff to designate experts, currently April 8, 2011, which agreement was signed by the parties and thereafter filed with the court on November 29, 2010 pursuant to Rule 11 of the Texas Rules of Civil Procedure.

interlocutory review of extensions—instead mentioning only motions to dismiss—Crosstex argues the court of appeals erred in exercising jurisdiction over Pro Plus's appeal of the extension for Crosstex to file a certificate of merit. Citing *Ogletree v. Matthews*, 262 S.W.3d 316 (Tex. 2007), a medical expert report case, Crosstex asserts that the motions are inextricably intertwined; thus, it argues, a court may not review the denial of a motion to dismiss without also impermissibly reviewing the granting of an extension. Pro Plus argues *Ogletree* and its progeny compel the opposite result, and that section 150.002 provides the necessary statutory authority for jurisdiction.

This is a question of first impression. As Crosstex points out, however, the expert report requirements in the Medical Liability Act, TEX. CIV. PRAC. & REM. CODE §§ 74.001–.507, provide a useful, if imperfect, analogue. The Act requires the plaintiff, within 120 days of suit, to serve expert reports identifying the basis for liability against each health care provider. *Id.* § 74.351 (a), (r)(6). Failure to serve the report mandates dismissal, *id.* § 74.351(b)(2), but if a deficient report is timely served, a trial court may grant a thirty-day extension. *Id.* § 74.351(c). Section 51.014(a)(9) of the Civil Practice and Remedies Code expressly *authorizes* interlocutory appeals from dismissals pursuant to section 74.351(b), but also expressly *bars* interlocutory appeals from a grant of extension of time under section 74.351(c). *Id.* § 51.014(a)(9).

To summarize, both the certificate of merit statute and the Medical Liability Act allow interlocutory appeals of dismissals for failure to meet a threshold filing requirement. Only under the Medical Liability Act, however, has the Legislature expressly forbidden interlocutory appeals of extensions of time to meet the filing requirement. *See id.* The certificate of merit statute does not address the appealability of extensions of time; therefore, such interlocutory appeals, presumably,

5

are not permissible as the statute does not expressly confer authority for the courts of appeals to consider them. *See Koseoglu*, 233 S.W.3d at 840.

In *Ogletree*, the defendant timely objected to the sufficiency of an expert report and filed a motion to dismiss. 262 S.W.3d at 318. The trial court denied the motion to dismiss and granted a section 74.351(c) extension for the plaintiff to remedy the deficiency. *Id.* We held that when the denial of a motion to dismiss and the grant of an extension are inseparable (such that review of one necessarily involves review of the other), courts of appeals have no jurisdiction to review the motion to dismiss. *Id.* at 321. If we allowed separation of the two, and a court reviewed only the denial of the motion to dismiss, it would render meaningless the Legislature's bar on interlocutory appeals of extensions. *Id.* We recognized that the Legislature intended to provide trial courts with discretion to grant extensions to remedy deficient, but curable, reports. *See id.* at 320–21.

We clarified the scope of *Ogletree* in *Badiga v. Lopez*, 274 S.W.3d 681 (Tex. 2009). In *Badiga*, where *no* report was served within 120 days of the original petition, we concluded that the Legislature's concerns for curing *deficient* reports were inapplicable. *Id.* at 684. Unlike *Ogletree*, the denial of the motion to dismiss and the grant of an extension were not inseparable; rather, the appeal of the trial court's ruling on the motion to dismiss did not have to address the ruling on extension. *Id.* at 684–85. The issue of timeliness addressed in *Badiga* differs from a report's sufficiency, addressed in *Ogletree*. *See id.* In *Badiga*, "[w]hether the trial court granted an extension or not, the issue [was] whether a case must be dismissed when no expert report [was] timely served." *Id.*

6

Extending that logic to the certificate of merit context, we note that Crosstex is in a position similar to the plaintiff in *Badiga*. In each, failure to provide timely, mandatory documentation yields dismissal. *Compare* TEX. CIV. PRAC. & REM. CODE § 74.351(b)(2), *with id.* § 150.002(e). While both statutes contain a mechanism for extension, *compare id.* § 74.351(c), *with id.* § 150.002(c), the grant of an extension is immaterial in both cases where it cannot bear upon the correctness of the dismissal ruling. *See Badiga*, 274 S.W.3d at 684–85. *Badiga* allowed the court of appeals to review the trial court's denial of a motion to dismiss despite an explicit statutory ban on reviews of extensions. Surely the principle applies with equal force to certificates of merit, where no explicit statutory ban exists.

The court of appeals in this case reviewed whether the trial court erred in denying Pro Plus's motion to dismiss for lack of a certificate of merit. Crosstex's failure to file a certificate left it without a statutory basis for extension.[2] Thus, the court of appeals could evaluate the propriety of the trial court's ruling on the motion to dismiss without entanglement in the appeal of the granted extension. *Cf. Badiga*, 274 S.W.3d at 685. We hold that the court of appeals did not err in asserting jurisdiction over Pro Plus's motion to dismiss.

### IV. "Good Cause" Extension for Filing a Certificate of Merit

We must now determine the contours of section 150.002(c)'s "good cause" extension to the certificate of merit filing deadline and whether it applies to Crosstex's failure to file. We review statutory construction de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). If

---

[2] As discussed in part IV of this opinion, the good cause extension is not available to a plaintiff who does not file a certificate of merit. *Infra* at ____ .

the statute is clear and unambiguous, we must read the language according to its common meaning "without resort to rules of construction or extrinsic aids." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We rely on this plain meaning as an expression of legislative intent unless a different meaning is supplied or is apparent from the context, or the plain meaning leads to absurd results. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Words and phrases "shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE § 311.011. We presume the Legislature chose statutory language deliberately and purposefully. *See Tex. Lottery Comm'n*, 325 S.W.3d at 635. We must not interpret the statute "in a manner that renders any part of the statute meaningless or superfluous." *Columbia Med. Ctr. of Los Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) (citing *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006)).

Subsection (c) states:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed . . . professional engineer . . . could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

TEX. CIV. PRAC. & REM. CODE 150.002(c). The parties dispute the meaning of the final sentence. Crosstex contends that the trial court may extend the time regardless of when the plaintiff files the lawsuit. Pro Plus argues that the good cause extension is constrained by the full language of subsection (c) and, thus, may apply *only* if the plaintiff files the lawsuit during the final ten days of the limitations period. Indeed, the courts of appeals have reached contradictory results. *Compare*

8

*Apex Geoscience, Inc. v. Arden Texarkana, LLC*, 370 S.W.3d 14, 19–21 & n.5 (Tex. App.—Texarkana 2012, pet. granted, judgm't vacated w.r.m.) (constraining the good cause extension to filings within ten days of the end of limitations), *with WCM Grp., Inc. v. Brown*, 305 S.W.3d 222, 230–31 (Tex. App.—Corpus Christi 2009, pet. dism'd) (holding that the good cause exception may operate for suits filed outside the ten-day window). We recognize that the lack of unequivocal language renders the statute capable of multiple interpretations. Thus, we apply our rules of construction to discern legislative intent. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011).

Read in isolation, the final sentence of subsection (c) suggests the availability of a good cause extension untethered from the remainder of the text. But that is not the way statutes are written or read. *See TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011) ("It is a fundamental principle of statutory construction and indeed of language itself that words' meanings cannot be determined in isolation but must be drawn from the context in which they are used."). The first sentence of subsection (c) provides an exception to the contemporaneous filing requirement, made available when a plaintiff both files within ten days of the end of the limitations period *and* alleges that the late filing prevented the preparation of a certificate of merit. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(c). The second sentence provides that in "such cases," the plaintiff "shall" have thirty days after filing to supplement with a certificate. *Id.* The final, disputed sentence allows the trial court, for good cause, to "extend such time as it shall determine justice requires." *Id.* We believe the sentence must be read in the context of the entire subsection. If the Legislature intended a good cause extension independent from the preceding sentences, it could have

9

created such an exception. *See Tex. Lottery Comm'n*, 325 S.W.3d at 635 ("We presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind."). Thus, we read the good cause exception of section 150.002(c) as flowing from compliance with the remainder of the subsection; it does not stand alone.

The untenable result of Crosstex's interpretation further solidifies this conclusion. Crosstex urges a broad exception, yet a narrow exception to the filing requirement aligns more closely with the scheme created by subsection (c). A plaintiff must allege that its near-limitations filing prevented the preparation of a certificate of merit. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(c). If Crosstex's broad good cause interpretation prevailed, a plaintiff could bring forth good cause claims independently of when it filed the suit and without the necessity of alleging the basis for delay. Crosstex's approach would thus produce two exceptions: (1) a narrow exception limited to a tight ten-day window and requiring specific allegations, yielding a thirty-day extension; and (2) a broad exception with no limitations other than a court's determination of good cause, allowing extensions "as justice requires." In practical application, a near-limitations filing would always meet the good cause standard. Therefore, the good cause exception would swallow the narrow near-limitations exception and, quite likely, the contemporaneous filing rule. We cannot adopt an interpretation that would render a statutory provision meaningless. *See Columbia Med. Ctr.*, 271 S.W.3d at 256.

We hold that the "good cause" exception in subsection (c) does not stand alone, but rather is contingent upon a plaintiff: (1) filing within ten days of the expiration of the limitations period; and (2) alleging that such time constraints prevented the preparation of an affidavit. A plaintiff

10

satisfying these requirements "shall" receive an extension of thirty days; upon motion, a trial court may, for good cause, extend this thirty-day period as justice requires. A plaintiff who files suit outside the ten-day window, as Crosstex did, cannot claim protection of the good cause exception.

## V. Waiver

Crosstex next argues that Pro Plus waived its right to move for dismissal. This presents two questions: (1) can a defendant waive the right to obtain dismissal under section 150.002(e); and (2) if so, did Pro Plus waive this right? We address each question in turn.

## A. Waiver of Right to Obtain Dismissal

We have defined waiver as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987). Parties may not waive jurisdictional statutory duties. *See Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000). But mandatory statutory duties are not necessarily jurisdictional. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001). A party may waive a mandatory, non-jurisdictional requirement by failing to object timely. *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004), *superseded by statute*, TEX. GOV'T CODE § 311.034, *as recognized in Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500 (Tex. 2012). We resist classifying a provision as jurisdictional absent clear legislative intent to that effect. *See City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009); *Kazi*, 12 S.W.3d at 76 (noting the modern trend against exposing final judgments to attack on subject matter jurisdiction by treating statutory prerequisites as jurisdictional (citing RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmt. e, at 113

11

(1982))). Thus, to determine whether waiver of dismissal under section 150.002(e) can occur, we must decide whether the filing requirement is mandatory and, if so, jurisdictional.

Section 150.002(a) states that a plaintiff "shall" file the certificate of merit with its complaint. TEX. CIV. PRAC. & REM. CODE § 150.002(a). In determining whether the Legislature intended the certificate of merit to be mandatory, "we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction." *Helena Chem.,* 47 S.W.3d at 494. The Code Construction Act makes clear that the use of "shall" normally imposes a mandatory requirement. TEX. GOV'T CODE § 311.016(2). Nothing in the statute suggests otherwise. Thus, section 150.002(a) imposes a mandatory duty.

Statutory interpretation principles guide our evaluation of whether section 150.002's certificate of merit requirement is jurisdictional. *See White*, 288 S.W.3d at 394. We must determine whether the Legislature intended a jurisdictional bar. *See Loutzenhiser*, 140 S.W.3d at 359 ("Since the Legislature is bound to know the consequences of making a requirement jurisdictional, one must ask, in trying to determine legislative intent, whether the Legislature intended those consequences."). We may consider: (1) the plain meaning of the statute; (2) "the presence or absence of specific consequences for noncompliance"; (3) the purpose of the statute; and (4) "the consequences that result from each possible interpretation." *White*, 288 S.W.3d at 395; *Helena Chem.*, 47 S.W.3d at 495.

We address the first two factors together. The text of the statute itself does not indicate that failure to file a certificate of merit is jurisdictional. Granted, subsection (e) mandates dismissal as a remedy for non-compliance. TEX. CIV. PRAC. & REM. CODE § 150.002(e). But our aversion to

12

classifying statutory requirements as jurisdictional prevents such classification absent a clear indication from the Legislature of jurisdictional intent. *See White*, 288 S.W.3d at 393. For instance, the Legislature chose to make certain filing deadlines in the Labor Code jurisdictional with unequivocal language. *See* TEX. GOV'T CODE § 311.034 (providing that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity"). Mandatory dismissal language does not, in and of itself, compel the conclusion that a statute is jurisdictional. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (holding that language such as "shall dismiss the suit" and "may not retain the suit on the court's docket" after deadline expiration did not automatically make the dismissal date jurisdictional). Although the plain meaning might suggest a jurisdictional bar, it does not meet the requisite level of clarity to establish the statute as jurisdictional.

Because the Legislature did not declare the statute's purpose, the third factor provides little assistance. Yet the fourth factor—consideration of the implications of alternative interpretations—strongly suggests the requirement is non-jurisdictional. If we held the certificate of merit requirement jurisdictional, a plaintiff successfully pursuing a claim to final judgment, yet omitting a certificate of merit, would find the judgment always vulnerable to collateral attack. The defendant could have the judgment set aside at any time, either returning the parties to square one or completely barring the plaintiff's claim if limitations had run. The statute acts as a procedural bar for claims without a certificate of merit. It does not follow that because the Legislature created this procedural bar, it also wanted to create a basis for attacking the judgment in perpetuity. We must conclude that the Legislature did not intend section 150.002(e) as a jurisdictional requirement.

13

Returning to the medical liability arena, we find further support for this conclusion. In *Jernigan v. Langley*, 111 S.W.3d 153 (Tex. 2003) (per curiam), this Court addressed whether a defendant waived the right to seek dismissal based on failure to file expert reports under the predecessor to section 74.351. *Id.* at 155. The statute effective at the time required a plaintiff to file an expert report within 180 days of filing a health care liability claim and permitted the defendant to move the court to dismiss with prejudice for failure to file an expert report. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), (e), 1995 Tex. Gen. Laws 985, 986, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. While we did not engage in the jurisdictional analysis employed in this opinion, we did evaluate whether the defendant's conduct amounted to waiver. *Jernigan*, 111 S.W.3d at 156–58. As parties cannot waive jurisdictional requirements, *Jernigan* clearly implies that the expert report requirement is not jurisdictional. *See id.*[3]

Furthermore, every court of appeals that has squarely addressed an argument for waiver of section 150.002(e) dismissal has reached a result consistent with classifying the requirement as non-jurisdictional.[4] One court of appeals explicitly recognized waiver, *see Murphy,* 374 S.W.3d at

---

[3] We contrast our non-jurisdictional finding here with actions under the Whistleblower Act. Under the Act, section 554.0035 of the Texas Government Code waives sovereign immunity for violations of that chapter. TEX. GOV'T CODE § 554.0035. Section 554.002 provides the standard for a violation. *Id.* § 554.002. In *State v. Lueck*, 290 S.W.3d 876 (Tex. 2009), we held that the facts necessary to allege a violation under section 554.002 were *jurisdictional* because they were indispensable to the jurisdictional question of the waiver of sovereign immunity in section 554.0035. *Id.* at 881–82. No parallel concern exists here.

[4] *Murphy v. Gutierrez*, 374 S.W.3d 627, 632–33 (Tex. App.—Fort Worth 2012, pet. filed); *Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 412–14 (Tex. App.—Waco 2010, pet. denied); *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 411 (Tex. App.—Dallas 2010, pet. denied); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 500–01 (Tex. App.—Corpus Christi 2009, no pet.), *superseded by statute on other grounds*, TEX. CIV. PRAC. & REM. CODE § 150.002, *as recognized in Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421 (Tex. App.—Dallas 2012, no pet.).

635–36, and three other courts of appeals have addressed the waiver argument without the jurisdictional analysis, as we did in *Jernigan*. *See Ustanik*, 320 S.W.3d at 412–14 (reviewing claim of waiver under section 150.002 but determining the evidence was insufficient to support a waiver finding); *Weaver*, 305 S.W.3d at 411 (same); *Landreth*, 285 S.W.3d at 500–01 (same).

For the reasons stated, we hold that section 150.002 imposes a mandatory, but non-jurisdictional, filing requirement. Thus, we hold that a defendant may waive its right to seek dismissal under the statute.

### B. Pro Plus's Conduct

Waiver is primarily a function of intent. *Jernigan*, 111 S.W.3d at 156. To find waiver through conduct, such intent "must be clearly demonstrated by the surrounding facts and circumstances." *Id.* We will not find waiver where a person "says or does nothing inconsistent with an intent to rely upon such right." *Id.* Generally, waiver presents a question of fact, but "when the facts and circumstances are admitted or clearly established, the question becomes one of law." *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999) (per curiam). The actions giving rise to Pro Plus's purported waiver are not disputed, although the parties disagree on the underlying motivations. Crosstex claims that Pro Plus waived its right to pursue dismissal by: (1) substantially invoking the judicial process through participating in discovery, filing an answer, joining continuance and docket control orders, and entering a Rule 11 agreement three days before filing a motion to dismiss; and (2) failing to file a special exception, under Texas Rule of Civil Procedure 90, to the absence of a certificate of merit. We hold that Pro Plus's conduct does not demonstrate intent to waive its right to seek dismissal.

15

## 1. Invocation of the Judicial Process

We have held that, in some circumstances, substantial invocation of the litigation process may amount to waiver. *See Perry Homes v. Cull*, 258 S.W.3d 580, 589–93 (Tex. 2008) (applying a totality-of-the-circumstances test to conclude that homeowners substantially invoked the litigation process to the prejudice of the defendants and consequently waived arbitration). We must now determine whether Pro Plus's engagement in the judicial process amounts to implied waiver by "clearly demonstrat[ing]" its intent to waive the certificate of merit requirement. *See Jernigan*, 111 S.W.3d at 156.

The Texas Rules of Civil Procedure encourage liberal discovery practices. *See Jorndan v. Court of Appeals for Fourth Supreme Judicial Dist.*, 701 S.W.2d 644, 647 (Tex. 1985). The discovery process streamlines the insatiable quest for information as the parties try to wrap their minds around the case. *See State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991) (stating that full discovery promotes fair resolution of disputes and noting that this Court "has vigorously sought to ensure that lawsuits are 'decided by what the facts reveal, not by what facts are concealed'" (quoting *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984, orig. proceeding))). Information may sustain a case, or it may lead to the end of litigation, but in either case it is the lifeblood of the process. *See id.* ("Discovery is thus the linchpin of the search for truth . . . ."). Here, Crosstex claims it exchanged 11,000 pages of written discovery with Pro Plus pursuant to the docket control order, and that this evidences waiver. Quite simply, "[a]ttempting to learn more about the case in which one is a party does not demonstrate an intent to waive the right to move for dismissal." *Jernigan*, 111

S.W.3d at 157. On these facts, Pro Plus's participation in discovery provides negligible support to the waiver argument.

Filing an answer is similarly inconsequential in the analysis. *See, e.g.*, *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 434–35 (Tex. App.—Fort Worth 2005, no pet.) (holding that it was not inconsistent or unreasonable for the defendant to answer before moving to dismiss). We should not penalize parties or their attorneys for acting out of an abundance of caution and protecting their interests by filing an answer.

Pro Plus joined a motion for continuance, engaged in discovery under a docket control order, and entered into a Rule 11 agreement. Crosstex construes this flurry of activity near the end of the limitations period as deliberate misrepresentation. Yet no direct evidence of such manipulation exists. As Pro Plus noted at oral argument, the Rule 11 agreement allowed Pro Plus ample time to prepare its expert reports in the event its motion to dismiss was denied (which is precisely what happened). Though Crosstex has offered some support for its waiver claim, Pro Plus's conduct falls far short of "clearly demonstrat[ing]" an intent to waive the right to dismiss under subsection 150.002(e). *See Jernigan*, 111 S.W.3d at 156.

## 2. Failure to Object

Crosstex next argues that Texas Rule of Civil Procedure 90 required Pro Plus to file a special exception to the absence of a certificate of merit. Rule 90 deems any defect, omission, or fault in a pleading waived unless specifically pointed out by exception. TEX. R. CIV. P. 90. However, failure to file a certificate of merit with the original petition cannot be cured by amendment. *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 499 (Tex. App.—Corpus

17

Christi 2009, no pet.). If a defect in the pleadings is incurable by amendment, a special exception is unnecessary. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). We agree with the court of appeals that Pro Plus was not required to file a special exception to the lack of a certificate of merit.

## VI. Extension by Agreement

Finally, we address Crosstex's argument that the Rule 11 agreement and the docket control order operated to extend the deadline for filing a certificate of merit. Pro Plus's answer included requests for disclosure under Rule 194.2, which includes expert information. The docket control order specified certain dates for designating those experts. Crosstex contends that the docket control order on Rule 194.2 experts was broad enough to encompass the section 150.002 certificate of merit. Thus, the argument goes, when the parties' Rule 11 agreement moved the date for Rule 194.2 disclosures to April 2011, this delayed the section 150.002 certificate of merit requirement.

In *Spectrum Healthcare Resources, Inc. v. McDaniel,* 306 S.W.3d 249 (Tex. 2010), this Court narrowly read the scope of a docket control order on the designation of experts. *See id.* at 250. *McDaniel* involved the interplay of an agreed order on deadlines for expert reports and the separate requirement in Civil Practice and Remedies Code section 74.351 that a plaintiff file a threshold expert medical report within 120 days or face dismissal. *See id.* We held that an agreed order dealing with expert report deadlines does not impact the separate section 74.351 requirement *unless* it is specifically mentioned in the agreed order. *Id.* Likewise, the docket control order in this case made no mention of the separate certificate of merit requirements under section 150.002. Because *McDaniel* limits the purview of the docket control order, *see id.* at 250, and the Rule 11 agreement

18

merely provided dates for the order, the Rule 11 agreement did not operate to postpone the filing requirement.

## VII. Conclusion

We hold that the court of appeals did not err in asserting jurisdiction over this interlocutory appeal. As to the merits of the appeal, we hold that: (1) Crosstex did not file suit within ten days of the running of limitations and thus cannot claim protection from the good cause extension in section 150.002(c); (2) a defendant may, through its conduct, waive the right to seek dismissal under section 150.002(e); and (3) Pro Plus's conduct did not constitute waiver. We affirm the judgment of the court of appeals.

_____
Paul W. Green
Justice

OPINION DELIVERED: March 28, 2014

19