

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-18-00526-CV

**SSOE, INC.,**
Appellant

v.

**TOKIO MARINE AMERICA INSURANCE CO.** and Mitsui Sumitomo Insurance Co. of
America, as subrogees of Toyota Motor North America, Inc., and Toyota Motor Manufacturing,
Texas, Inc.,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI08737
Honorable Stephani A. Walsh, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: December 27, 2018

REVERSED AND REMANDED

This case stems from a motion to dismiss pursuant to Chapter 150 of the Civil Practice and

Remedies Code.  Appellant SSOE, Inc. contends Appellees Tokio Marine America Insurance Co.

and Mitsui Sumitomo Insurance Co. of America, as subrogees of Toyota Motor North America,

Inc., and Toyota Motor Manufacturing, Texas, Inc. failed to file the required sworn "certificate of

merit affidavit" with their original petition wherein the damages arose from "professional services

by a licensed or registered professional."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a).

The trial court denied Appellant's motion to dismiss based on the exclusion contained in subsection 150.002(c). *See id.* § 150.002(c).

We conclude subsection 150.002(c) is triggered when: (1) the original petition is filed within ten days of the expiration of the statute of limitations; *and* (2) the plaintiff *alleges in the original petition* that because of time constraints associated with the statute of limitations, the certificate of merit affidavit was not contemporaneously filed with the original petition. *See id.* Therefore, we reverse the trial court's order and remand this cause to the trial court to determine whether the dismissal should be with or without prejudice to refiling. *See id.* § 150.002(e); *see also Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 494–95 (Tex. 2017).

## FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2018, Appellees sued SSOE, Inc., a professional engineering firm, and Fred Christen & Sons for breach of contract and negligence; Appellees further alleged SSOE failed to properly design the facility's roof.

Appellees filed their Original Petition for Damages within ten days of the statute of limitations' expiration. In that Original Petition, Appellees alleged that part of SSOE's design included auxiliary drains intended to provide necessary drainage; the drains were allegedly two inches higher than the applicable government standards. Chapter 150 specifically requires that a claim for damages, arising out of the provision of professional services by a licensed or registered professional, be supported by a certificate of merit filed contemporaneously with the original petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002. Appellees' Original Petition did not contain a certificate of merit affidavit or any reference to expert reports.

On June 15, 2018, Appellant SSOE moved to dismiss Appellees' claims for failure to comply with section 150.002 of the Texas Civil Practice and Remedies Code. *See id.* § 150.002(a).

On June 21, 2018, Appellees filed a response to Appellant's motion to dismiss. In that response, Appellees asserted the petition was filed within ten days of the expiration of the statute of limitations. In that same response, Appellees, for the first time, asserted that the certificate of merit affidavit was not filed with their original petition because of "a combination clerical oversight based on the looming statute of limitations." Appellees then argued that pursuant to subsection 150.002(c), the matter was within the trial court's discretion to allow for the filing of an amended petition with the certificate of merit affidavit. *See id.* § 150.002(c). Alternatively, Appellees requested the trial court dismiss the case without prejudice. *See id.* § 150.002(e).

On July 10, 2018, after hearing arguments of counsel, the trial court denied Appellant's motion to dismiss pursuant to subsection 150.002(a). *Id*. § 150.002(a).

## CERTIFICATE OF MERIT AFFIDAVIT

### A. Arguments of the Parties

Appellees contend the spirit of section 150.002 and the legislative intent "is to bring balance to the civil justice system and to prevent frivolous lawsuits" and a clerical error should not prevent the trial court from acting within its discretion to deny the motion to dismiss. *See generally id*. § 150.002.

Appellant counters that subsection 150.002(c) requires Appellees to allege, in their original petition, an inability to prepare the required affidavit due to time constraints associated with the statute of limitations. *See id.* § 150.002(c). Appellants further explain that subsection 150.002(c) does not allow for an exception to the contemporaneous filing requirement when an excuse was raised in response to its motion to dismiss, as Appellees had done, and not when the excuse is based on alleged clerical errors. *See id.*

**B.  Standard of Review**

An appellate court reviews a trial court's order denying a motion to dismiss pursuant to section 150.002 for abuse of discretion. *See TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex. App.—Dallas 2014, pet. denied); *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342–43 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). "A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles." *CBM Eng'rs*, 403 S.W.3d at 342; *accord Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "A trial court also abuses its discretion if it fails to analyze or apply the law correctly." *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

"We review matters of statutory construction de novo." *Levinson Alcoser Assocs., LP v. El Pistolón II, Ltd.*, 513 S.W.3d 487, 493 (Tex. 2017); *accord TIC N. Cent. Dallas 3*, 463 S.W.3d at 76. If the statute is clear and unambiguous, we do not resort to rules of construction or extrinsic aids to construe the text. *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex. 2017). Instead, we rely on the statute's "plain meaning as an expression of legislative intent unless a different meaning is supplied or apparent from the context, or the plain meaning leads to absurd results." *Id.*; *Crosstex Energy Servs., LP v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014).

**C.  Texas Civil Practice and Remedies Code Chapter 150**

Texas Civil Practice and Remedies Code section 150.002(a) requires that, "[i]n any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a . . . licensed

professional engineer." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). It is undisputed Appellees did not file a certificate of merit affidavit in compliance with section 150.002. *See id.*

Subsection 150.002(c) provides for an extension of time to file the certificate of merit affidavit upon proof of the following:

> (c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

*Id.* § 150.002(c).

**D.     Analysis**

Subsection 150.002(c) is very specific. The statute provides an exception to the certificate accompanying the petition only when (1) "the period of limitation will expire within 10 days of the date of filing" **and**, (2) "because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, . . . could not be prepared." *Id.*; *see Crosstex Energy Servs.*, 430 S.W.3d at 391.

Appellees met the first part of subsection 150.002(c)—the petition was filed within ten days of the expiration of the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code. Ann. § 150.002(c). The statute, however, is only triggered when **both** prerequisites are met. *See Crosstex Energy Servs.*, 430 S.W.3d at 391. Here, the issue is that the original complaint filed within ten days of the statute of limitations' expiration did not contain an explanation of the reason why the expert report could not be prepared and contemporaneously filed with the original petition.

Appellees' first-filed complaint did not allege they were precluded, due to time constraints, from preparing the certificate of merit affidavits to be contemporaneously filed with the original

complaint. *See Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church*, 551 S.W.3d 320, 323–24 (Tex. App.—Beaumont 2018, no pet.) (concluding allegation of plaintiff's inability to obtain the certification under 150.002(c) must be made contemporaneously with the filing of the original petition); *Emerald Waco Invs., Ltd. v. Petree*, No. 05-15-00863-CV, 2016 WL 4010056, at *5 (Tex. App.—Dallas July 25, 2016, no pet.) (mem. op.) (same); *Nangia v. Taylor*, 338 S.W.3d 768, 771–72 (Tex. App.—Beaumont 2011, no pet) (same). Appellees nonetheless argue they met subsection 150.002(c)'s exception because they set forth the reasons for not filing a certificate of merit affidavit contained in their response to the motion to dismiss.

As stated above, Appellees' Original Petition did not include a reason for not preparing and contemporaneously filing the certificate of merit affidavit with that petition. The first time Appellees provided notice of the reasons for not filing the certificate of merit affidavit was in their response to Appellant's motion to dismiss, where they claimed a clerical oversight. *See Jordan & Assocs. v. Wells*, No. 01-14-00992-CV, 2015 WL 4591786, at *4 (Tex. App.—Houston [1st Dist.] July 30, 2015, no pet.) (mem. op.) (reiterating plaintiff "offered a reason other than time constraints for failing to obtain the certificate of merit shows that she was unable to satisfy the statutory requirement, not that the statutory requirement did not apply to her"). A clerical oversight does not meet the statutory requirement. *Id.* (citing TEX. CIV. PRAC. & REM. CODE. ANN. § 150.002(c)).

Appellees also argued the trial court should deny the motion to dismiss and grant an extension because good cause existed and justice so required. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 150.002(c). We disagree.

Appellees rely on the last sentence of subsection 150.002(c) which allows the trial court "for *good cause*," to extend the time to file the affidavit as "*justice requires*." *Id*. (emphasis added). In *Crosstex Energy Services*, however, the Texas Supreme Court held subsection (c)'s final sentence is limited by the earlier language in subsection (c).

> [T]he "good cause" exception in subsection (c) does not stand alone, but rather is contingent upon a plaintiff: (1) filing within ten days of the expiration of the limitations period; and (2) alleging that such time constraints prevented the preparation of an affidavit. A plaintiff satisfying these requirements "shall" receive an extension of thirty days; upon motion, a trial court may, for good cause, extend this thirty-day period as justice requires.

430 S.W.3d at 391. Subsection 150.002(e) provides the trial court "shall" dismiss a complaint when a plaintiff fails to comply with the statute. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 150.002(e). The trial court, however, maintains discretion whether to dismiss with or without prejudice. *See id.*; *see also Pedernal Energy*, 536 S.W.3d at 494–95. Because Appellees failed to establish their entitlement to a thirty-day extension to supplement the pleadings with the necessary affidavit, the trial court abused its discretion in denying Appellant's motion to dismiss.

### CONCLUSION

We conclude subsection 150.002(c) is triggered when: (1) the original petition is filed within ten days of the expiration of the statute of limitations *and* (2) the plaintiff *alleges in the original petition* that because of time constraints associated with the statute of limitations, the certificate of merit affidavit was not contemporaneously filed with the original petition. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 150.002(c). We reverse the trial court's order and remand this cause to the trial court to determine whether the dismissal should be with or without prejudice to refiling. *See id.* § 150.002(e); *see also Pedernal Energy*, 536 S.W.3d at 494–95.

Patricia O. Alvarez, Justice