

# NUMBER 13-20-00092-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EDUARDO BARRIENTOS,                                     **Appellant,**

**v.**

JACOBS ENGINEERING GROUP, INC.,                      **Appellee.**

### On appeal from the 444th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Appellant Eduardo Barrientos appeals the trial court's dismissal of his claim against appellee, Jacobs Engineering Group, Inc. (Jacobs), for failing to file a certificate of merit compliant with Texas Civil Practices & Remedies Code § 150.002. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)–(b). We affirm.

## I.     BACKGROUND[1]

On March 4, 2019, Barrientos filed a personal injury lawsuit against Jacobs and CVS Pharmacy, Inc. d/b/a CVS Pharmacy #08962 (CVS). In his Original Petition, Barrientos alleged that he was riding his bicycle in Harlingen, Texas, when he attempted to turn into a CVS Pharmacy located on the corner of Sunshine Strip and Ed Carey Drive. Barrientos contends that, suddenly and without warning, the front tire of his bicycle hit a raised concrete lip when entering the CVS parking lot, causing him to flip over. As a result of this accident, Barrientos sustained a broken wrist and elbow, as well as a calf injury.

Along with his petition, Barrientos filed a certificate of merit affidavit by a licensed engineer, John J. Smith, P.E., as required by the Texas Civil Practices and Remedies Code § 150.002. *See id*. Smith's affidavit opined that Jacobs was negligent in multiple ways regarding the design, creation, and marking of the CVS parking lot. Of note, Smith's affidavit indicated that he was an engineer licensed in *Colorado*, not Texas. *See id*. § 150.002(b). Although Barrientos's lawsuit was filed within ten days of expiration of the statute of limitations, Barrientos did not allege that time constraints prevented him from filing a statutorily compliant certificate of merit from a Texas engineer. *See id*. § 150.002(c).

On April 8, 2019, Jacobs filed a general denial. On April 22, 2019, Jacobs filed a motion to dismiss on the basis that Barrientos failed to provide a valid certificate of merit

---

[1] We previously dismissed this case for want of prosecution when Barrientos failed to pay his appellate filing fee. *See Barrientos v. Jacobs Eng'g Group, Inc*., No. 13-20-00092-CV, 2020 WL 2079174 (Tex. App.—Corpus Christi–Edinburg Apr. 30, 2020, no pet.) (mem. op.); *see also* TEX. R. APP. P. 42.3(c). Barrientos filed a motion to reinstate the appeal on May 7, 2020 and paid his filing fee. We granted the motion to reinstate in the interest of justice on June 10, 2020.

2

from a Texas engineer. *See id*. § 150.002(b). In response, Barrientos filed a motion for leave to amend the certificate on May 24, 2019. In his motion, he relied on § 150.002(c), which provides as follows:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

*Id*. Barrientos argued that his petition was filed within ten days of the statute of limitations. In a supporting affidavit, Barrientos further argued that "good cause" existed because his attorney was "busy on another case," and the attorney's office "mistakenly overlooked the Texas certification req[uirement] of the engineer." That same day, Barrientos filed a First Amended Petition that included a certificate of merit from Texas engineer Raul E. Garcia, P.E., R.P.L.S.

On June 25, 2019, the trial court granted Jacobs's motion to dismiss. Barrientos appeals.

## II.    APPLICABLE LAW & STANDARD OF REVIEW

Texas law requires that persons who bring suit against design professionals must obtain and file a certificate of merit:

> (a)    In any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

3

(1)     is competent to testify;

(2)     holds the same professional license or registration as the defendant; and

(3)     is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:

(A)     knowledge;
(B)     skill;
(C)     experience;
(D)     education;
(E)     training; and
(F)     practice.

(b)     The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (b).

An appellate court reviews a trial court's ruling on a motion to dismiss under § 150.002 of the civil practice and remedies code for an abuse of discretion. *See Miramar Petroleum, Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 217 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied).

### III.     ANALYSIS

In his sole issue, Barrientos contends the trial court abused its discretion when it dismissed his claim against Jacobs for failure to file a compliant certificate of merit without

4

affording him a thirty-day extension to amending the certificate of merit.[2]

The statutory language of § 150.002 clearly sets forth that the third-party expert "shall be licensed or registered in this state . . . ." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b). Barrientos does not dispute that his initial certificate of merit failed to comply with § 150.002(b). *Id*. In fact, Barrientos concedes in his briefing that the initial affidavit he provided was written by Smith, an expert licensed in Colorado and not Texas. *See id*. Accordingly, Barrientos's original certificate of merit was deficient.

We have found no case law, and Barrientos does not direct us to any, that allows a party an extension of time to correct a "deficient" expert report. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014). We have only found case authority which provides that, if a plaintiff files his original petition within ten days of the statute of limitation and has filed *no* certificate of merit, they may have a thirty-day extension to file the certificate if they demonstrate good cause to the trial court. *Id*. Assuming without deciding that Smith's certificate was so deficient that it constituted "no certificate," we disagree with Barrientos that the trial court abused its discretion in granting Jacobs's motion to dismiss. In *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, the Texas Supreme Court concluded the following:

> We hold that the "good cause" exception in subsection (c) does not stand alone, but rather is contingent upon a plaintiff: (1) filing within ten days of the expiration of the limitations period; and (2) alleging that such time constraints prevented the preparation of an affidavit. A plaintiff satisfying these

---

[2] In a footnote in his brief, Barrientos also proclaims, "An open question exists whether such statute is constitutional. In no other circumstance is a plaintiff required to present an affidavit of merit upon filing his petition. No justification (except for political muscle) justifies such special treatment, and accordingly, such statute violates the equal protection provisions of both the United States and Texas Constitutions." Because this comment is in a footnote and not adequately briefed with citations to the record or proper case authority, we decline to address this issue. *See* TEX. R. APP. P. 38.1(i).

requirements "shall" receive an extension of thirty days; upon motion, a trial court may, for good cause, extend this thirty-day period as justice requires. A plaintiff who files suit outside the ten-day window . . . cannot claim protection of the good cause exception.

430 S.W.3d at 391.

Barrientos meets *Crosstex's* first requirement to establish good cause: he filed his original petition within ten days of the expiration of the limitations period. *See id*. The original incident at issue occurred "on or about March 4, 2017," and Barrientos filed his petition on March 4, 2019. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (noting that a person must bring suit for personal injury "not later than two years after the day the cause of action accrues.").

Barrientos does not, however, meet the second requirement under *Crosstex*: he fails to allege anywhere in his original petition that filing so close to the limitations deadline constrained the preparation of a statutorily compliant affidavit. *See Crosstex*, 430 S.W.3d at 391; *Tex. Southern Univ. v. Kirksey Architects, Inc.*, 577 S.W.3d 570, 576 (Tex. App.—Houston [14th] 2019, no pet.) (holding that a plaintiff was not entitled to a thirty-day extension when it did not allege in its petition that its filing near the statute of limitations prevented the preparation of a certificate of merit); *SSOE, Inc. v. Tokio Marina Am. Ins. Co.*, 567 S.W.3d 809, 813 (Tex. App.—San Antonio 2018, no pet.) (same); *Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church*, 551 S.W.3d 320, 323–24 (Tex. App.—Beaumont 2018, no pet.) (same). Barrientos, in fact, did not address the insufficiency of his certificate—that his affidavit was written by someone not licensed in Texas—until after Jacobs pointed it out in its motion to dismiss on April 22, 2019. It was not until May 24, 2019, eighty-one days after he filed his original petition and well outside

6

the thirty-day extension period to provide a certificate assuming good cause, that Barrientos finally filed a statutorily compliant certificate.

In light of the foregoing, we cannot say the trial court abused its discretion in granting the motion to dismiss because there was no "good cause" to grant the extension. *See Miramar Petroleum, Inc.,* 484 S.W.3d at 217. We overrule Barrientos's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
5th day of August, 2021.