

IN THE
TENTH COURT OF APPEALS

No. 10-10-00346-CV

IN THE INTEREST OF M.M.

From the County Court at Law No. 2
Johnson County, Texas
Trial Court No. F201000017

O P I N I O N

M.M. appeals from the granting of an order of protective custody.  *See* TEX. HEALTH & SAFETY CODE ANN. § 574.022 (West 2010).  An application for court-ordered temporary mental health services was filed on September 14, 2010, and the State filed a motion seeking an order that would detain M.M. until the hearing could be conducted.  A hearing was held that day, and the trial court granted the State's motion and ordered that M.M. be detained for fourteen days pending the hearing on the application.  *See* TEX. HEALTH & SAFETY CODE ANN. § 574.022 (West 2010).

The State argues in its brief that this Court does not have jurisdiction over this appeal because there is no authority granting the right to appeal from this determination.  M.M. has not responded to this contention.  We agree with the State.  Section 574.070 of the Mental Health Code provides for appeals of orders "requiring

mental health services."  TEX. HEALTH & SAFETY CODE ANN. § 574.070(a) (West. 2010).

However, orders for protective custody are not orders that require mental health services.  The appropriate mechanism to challenge this order would have been through the filing of a petition for a writ of habeas corpus.  *See Ex Parte Ulmann*, 616 S.W.2d 278, 280 (Tex. Civ. App.—San Antonio, 1981, writ dism'd w.o.j.) ("The Mental Health Code does not provide for a method of appeal from orders of protective custody; therefore, habeas corpus is the only remedy available to those seeking relief from such orders.").

We find that we do not have jurisdiction over this appeal, and therefore, this appeal is dismissed.  TEX. R. APP. P. 42.3(a).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed May 25, 2011
[CV06]