

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00338-CV

IN THE MATTER OF L.W.

----------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY
TRIAL COURT NO. 38856-LR

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant L.W. appeals from a judgment for temporary court-ordered inpatient mental-health services. The trial court ordered that L.W. be committed for mental-health services at North Texas State Hospital (NTSH) for a period of time not to exceed ninety days.[2] This appeal followed. L.W. raises two issues:

---

[1]*See* Tex. R. App. P. 47.4.

[2]Approximately one month after the commitment hearing was held, the trial court held a hearing on an application to authorize psychoactive medication and

one challenging the trial court's denial of her motion to dismiss the State's application for court-ordered inpatient mental-health services and one claiming a deprivation of her right to a jury trial on the State's application. Because we sustain L.W.'s issue concerning her right to trial by jury, we will reverse the trial court's judgment and remand the case to the trial court with instructions to conduct a jury trial within fourteen days of the date of our judgment.

## II. MOTION TO DISMISS APPLICATION

In her second issue, L.W. argues that the trial court abused its discretion by denying her motion to dismiss the application for court-ordered mental-health services.

### A. Prior Application

L.W. was originally admitted to NTSH in Wichita County on August 24, 2014, based on an emergency detention after police in Palo Pinto County made contact with L.W. after "numerous, dozens upon dozens, consistently over days and days of calls that aliens and zombies were invading her house." After L.W. was examined, an application for court-ordered temporary mental-health services was filed. L.W. was appointed counsel and requested a jury trial. Due to L.W.'s request for a jury trial, the case was ordered to be transferred back to the referring court in Palo Pinto County.

---

signed an order authorizing the administration of psychoactive medication to L.W. That order was docketed in a separate appeal, 02-14-00371-CV, and is therefore not before us in this appeal.

2

On September 23, 2014, Wichita County and NTSH received a letter from the Palo Pinto County Attorney stating that Palo Pinto County had not yet received the file from Wichita County and that it would be impossible to empanel a jury in time to meet the thirty-day deadline for holding a final hearing on the application for court-ordered temporary mental-health services. The Palo Pinto County Attorney therefore requested that L.W. be released or not held past the expiration date. L.W. was not released from NTSH.

On September 24, 2014, a licensed clinical social worker at NTSH filed a new application for temporary court-ordered mental-health services, Dr. Shero filed a "Physician's Certificate Of Medical Examination For Mental Illness," and the Wichita County District Attorney filed a "Motion For Order Of Protective Custody Mental Health." An order for protective custody was signed by a magistrate on that same date.

Approximately three weeks later, L.W. filed a motion to dismiss the new application for temporary court-ordered mental-health services, arguing that the new application should not have been filed while L.W. "was already being detained on a previously filed and still pending application." The trial court held a hearing on L.W.'s motion to dismiss the application, found that L.W. had failed to establish that the application for temporary court-ordered mental-health services was made in bad faith, and denied her motion to dismiss the application.

The trial court subsequently held a hearing on the September 24, 2014 application and signed a final order for court-ordered mental-health services.

## B. Pertinent Law

The process for obtaining court-ordered mental-health services in Texas may involve three separate orders; first, a warrant for emergency detention; second, an order of protective custody; and third, an order for temporary court-ordered mental-health services. *See, e.g.*, Tex. Health & Safety Code Ann. §§ 573.021, .022 (West Supp. 2014) (addressing criteria for emergency detention for preliminary examination), §§ 574.021–.028 (West 2010) (addressing detention via an order of protective custody pending hearing on application for court-ordered inpatient mental-health services), §§ 574.031–.037 (West 2010 & Supp. 2014) (addressing procedures for obtaining order for temporary or extended mental-health services); Floyd L. Jennings, *Current Status of Mental Health Commitments*, The Houston Lawyer, July/August 1997 at 40, 41. The process typically begins with an application for court-ordered mental-health services. Tex. Health & Safety Code Ann. § 574.001 (West 2010). The application must (1) be styled using the proposed patient's initials; (2) state whether the application is for temporary or extended mental-health services; and (3) contain the proposed patient's name and address, the proposed patient's county of residence in this state, a statement that the proposed patient is mentally ill and meets the criteria in section 574.034 or 574.035 for court-ordered mental-health services, and whether the proposed patient is charged with a criminal offense. *Id.* § 574.002 (West Supp. 2014). A hearing on the application for court-ordered mental-health services shall be held within fourteen days after

4

the date on which the application is filed. *Id.* § 574.005(a) (West 2010). For cause, the hearing may be extended for a period not to exceed thirty days from the date on which the original application is filed. *Id.* § 574.005(c). If certain circumstances are met, an order of protective custody may be issued to authorize the proposed patient's detention pending the hearing on the application for court-ordered inpatient mental-health services. *Id.* § 574.027(a)–(b). But, "[a] facility administrator shall discharge a person held under a protective custody order if: . . . a final order for court-ordered mental-health services has not been entered" by the thirtieth day after the date on which the original application is filed. *Id.* § 574.028(c)(2).

## C. Analysis

L.W. challenges the trial court's denial of her motion to dismiss the application filed on September 24, 2014. She does not challenge the form of the application. Instead, L.W. argues that upon the filing of the September 24, 2014 application, "two applications were pending over L.W., which is certainly not contemplated by the Texas Health & Safety Code." But, according to the terms of chapter 574, as set forth above, because no final order for court-ordered mental-health services was entered within thirty days after the date of the first-filed application, that application became useless. *See id.* § 574.028(c)(2). The statutory timeline had been blown for obtaining an order for temporary court-ordered inpatient mental-health services for L.W. based on that application. Consequently, the State filed a new application—the September 24, 2014

application. L.W. cites no authority, and we have not located any, for the proposition that the State may not file successive applications when the statutory timeline is blown on the first-filed application. *See generally id.* §§ 574.001–.002. Accordingly, we hold that the trial court did not err or abuse its discretion by denying L.W.'s motion to dismiss the September 24, 2014 application.[3] *See, e.g., Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). We overrule L.W.'s second issue.

## III. RIGHT TO TRIAL BY JURY

L.W.'s first issue asserts that she was improperly denied her right to trial by a jury at the hearing on the State's application for court-ordered temporary mental-health services. *See* Tex. Health & Safety Code Ann. § 574.034(a)(1), (2)(C) (West Supp. 2014).

---

[3]In the final sentence of her argument under her second issue, L.W. alleges that she was denied due process because she was detained for fifty-seven days before a hearing was held. A hearing was held on the September 24, 2014 application—the only application that L.W. challenges on appeal—within the thirty-day time frame provided by the statute. *See* Tex. Health & Safety Code Ann. § 574.005(c). To the extent that by this statement L.W. may be attempting to challenge the trial court's failure to hold a hearing within thirty days of the August 25, 2014 application, L.W.'s remedy was to file a petition for writ of habeas corpus after the thirty-day deadline on the August 25, 2014 application expired on September 23, 2014. *See, e.g., In re M.M.*, 357 S.W.3d 381, 382 (Tex. App.—Waco 2011, no pet.). L.W. is now detained for temporary court-ordered inpatient mental-health services based on a final order timely issued less than thirty days from the September 24, 2014 application, and any complaints regarding her detention on the previously-entered temporary orders for protective custody are moot. *Cf. James v. Hubbard*, 21 S.W.3d 558, 560 (Tex. App.—San Antonio 2000, no pet.) (stating general rule that expired temporary protective orders are considered moot on appellate review).

6

## A. Pertinent Law

Texas Health and Safety Code section 574.032 sets forth the following provisions pertaining to the right to a jury trial in mental health commitment cases:

> (a) A hearing for temporary mental health services must be before the court unless the proposed patient or the proposed patient's attorney requests a jury.
>
> (b) A hearing for extended mental health services must be before a jury unless the proposed patient or the proposed patient's attorney waives the right to a jury.
>
> (c) A waiver of the right to a jury must be in writing, under oath, and signed and sworn to by the proposed patient and the proposed patient's attorney unless the proposed patient or the attorney orally waives the right to a jury in the court's presence.
>
> (d) The court may permit an oral or written waiver of the right to a jury to be withdrawn for good cause shown. The withdrawal must be made not later than the eighth day before the date on which the hearing is scheduled.

Tex. Health & Safety Code Ann. § 574.032(a)–(d) (West 2010). The Texas Supreme Court has defined waiver as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014). It has long been recognized that upon timely assertion of the right and in the absence of a waiver, an individual is entitled to trial by jury on the issue of commitment for the purposes of in-patient mental-health treatment. *Accord White v. White*, 108 Tex. 570, 587, 196 S.W. 508, 515 (1917); *accord also Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) ("The right to jury trial is one of our most

7

precious rights . . . . Even where a party does not timely pay the jury fee, courts have held that a trial court should accord the right to jury trial if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party.").

### B. Analysis of L.W.'s Jury Demand and Lack of Waiver of Right to Jury Trial on Chapter 574 Issues

A hearing for temporary mental-health services must be before the court unless the proposed patient or the proposed patient's attorney requests a jury. Tex. Health & Safety Code Ann. § 574.032(a). L.W. requested a jury trial. The record contains an "Order Setting Jury Trial" that states that "[o]n this day the court considered *the proposed patient's request for setting of a jury trial*. It is, therefore, ordered that this case is set for jury trial beginning at 9:00 a.m. on October 21, 2014, in the County Court at Law Number 2." [Emphasis added.] The record also contains a document signed on October 20 by L.W. and by her attorney. The portion of the document signed by L.W. states:

> <u>WAIVER OF TRIAL BY JURY BY PROPOSED PATIENT</u>
> I, [L.W.], the subject in the above numbered cause, hereby waive trial by jury and request that by clear and convincing evidence the Court determine on the basis of competent medical or psychiatric testimony whether I am mentally ill or am a person with mental retardation and meet the criteria for Inpatient Commitment pursuant to Tex. Code of Crim. Proc. Article 46C.

The portion of the document signed by L.W.'s attorney provides:

> <u>WAIVER OF TRIAL & APPEARANCE BY ATTORNEY</u>
> I, the Attorney, hereby waive trial by jury and appearance of the proposed patient and request that by clear and convincing evidence the Court determine on the basis of competent medical or psychiatric

testimony whether the patient is mentally ill or is a person with mental retardation and meet the criteria for Civil Commitment: Charges Pending under Code of Criminal Procedure, Article 46B, Subchapter E.

When the trial court called the case for a nonjury trial, the following exchange occurred:

[THE COURT:] We appeared in court at the Wichita Falls campus of the State Hospital on approximately -- it was probably about 9 o'clock a.m. on October 8th of 2014, and at that time we received notice that the proposed patient may have been too ill to appear in court and that she wanted the case heard by a jury. So the Court set the hearing -- or set the jury trial for this case at 9 o'clock a.m. on today's date, October 21st of 2014; and yesterday the Court received a filing from the proposed patient [L.W.], that she had waived her right to a trial by a jury, and so the Court set the case –

THE PROPOSED PATIENT: I would like to have a trial by jury. I did not waive my right.

No one responded to L.W.'s comment, and the trial court proceeded to hear the case.

L.W. argues that she timely requested a jury trial and that the document purporting to waive her right to a jury trial by its own terms waived only her right to have a jury "determine on the basis of competent medical or psychiatric testimony whether I am mentally ill or am a person with mental retardation and meet the criteria for Inpatient Commitment pursuant to Tex. Code of Crim. Proc. Article 46C." L.W. points out that Texas Code of Criminal Procedure article 46C relates to a criminal insanity defense and contains different commitment criteria than Texas Health and Safety Code section 574. Because commitment pursuant to a criminal insanity defense is not at issue here, L.W. asserts that she did not

9

waive her right to have a jury trial on the State's application for temporary court-ordered inpatient mental-health services. Concerning the portion of the document signed by her trial attorney, L.W. points out that section 46B of the Texas Code of Criminal Procedure deals with incompetency to stand trial and involves a different set of criteria for commitment than Texas Health and Safety Code section 574. Accordingly, L.W. argues that a waiver of the right to have a jury "determine on the basis of competent medical or psychiatric testimony whether the patient is mentally ill or is a person with mental retardation and meet the criteria for Civil Commitment: Charges Pending under Code of Criminal Procedure, Article 46B, Subchapter E" is not a waiver of her right to have a jury trial on the State's application for temporary court-ordered inpatient mental-health services. We agree with L.W.'s contentions; the rights L.W. intentionally relinquished in the purported waivers were rights other than to have a jury trial on the State's application for temporary court-ordered inpatient mental-health services under chapter 574 of the health and safety code. *See Crosstex Energy Servs., L.P.*, 430 S.W.3d at 391.

The State asserts that "there is no support in the record that there was a jury demand made, other than the mere fact that it was set for a jury trial." As set forth above, the record reflects that L.W. demanded a jury trial three times: once in Palo Pinto, once in Wichita Falls, and again when the case was called for trial. L.W.'s intentional conduct was thus never inconsistent with claiming her right to a jury trial. *See id.*

10

The State concedes that the language in the above quoted waivers is erroneous but nonetheless contends that the waivers were effective to waive L.W.'s right to a jury trial on the State's application for temporary court-ordered inpatient mental-health services under chapter 574 of the health and safety code. The State asserts that this court should simply disregard the erroneous language in the purported waivers. This we cannot do; we have found no authority, and the State has cited none, for the proposition that the waiver of a specifically identified right may be disregarded and construed as a knowing and intentional waiver of something different. *Cf. id.*

We hold that L.W. timely asserted her right to a trial by a jury on the State's application for temporary court-ordered inpatient mental-health services under chapter 574 of the health and safety code, that the document signed by L.W. and by her attorney did not waive her right to trial by jury on the State's application for temporary court-ordered inpatient mental-health services under chapter 574 of the health and safety code, and that the trial court therefore erred by failing to conduct a jury trial. *Cf. M.A.V. v. Webb Cnty. Court at Law*, 842 S.W.2d 739, 742–44 (Tex. App.—San Antonio 1992, writ denied) (holding that juvenile court erred by denying appellant a jury hearing on issue of whether he should be hospitalized temporarily because appellant did not waive his right to a jury); *cf. also Dill v. State*, No. B14-93-00677-CR, 1993 WL 487496, at *1 (Tex. App.—Houston [14th Dist.] Nov. 24, 1993, no pet.) (not designated for publication) (holding that because appellant did not waive his right to a jury trial in proceeding

11

for extended mental-health services, trial court erred by committing appellant to state hospital for period of one year). We sustain L.W.'s first issue.

## IV. CONCLUSION

Having overruled L.W.'s second issue claiming that the trial court should have dismissed the September 24, 2014 application and having sustained L.W.'s first issue asserting that she was entitled to a jury trial on the chapter 574 issues, we reverse the trial court's judgment for temporary court-ordered inpatient mental-health services and remand this case to the trial court for a new trial to a jury to be conducted within fourteen days of the date of our judgment. *Accord* Tex. Fam. Code Ann. § 574.005(a) (requiring trial court to set a date for hearing within fourteen days after the date on which the application is filed); *Dill*, 1993 WL 487496, at *2 (remanding for new trial). If such action is not taken within that time, appellant shall be discharged. *Accord Dill*, 1993 WL 487496, at *2.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

GABRIEL, J., filed a dissenting opinion.

DELIVERED: January 9, 2015

12