Jeff Rose, Chief Justice
The Texas Health and Human Services Commission (HHSC) brought a declaratory action against the Attorney General in connection with a request for public information regarding healthcare-service providers' Medicaid claims for reimbursement. HHSC asserts that such information is confidential by law, and thus not subject to disclosure under the Texas Public Information Act (PIA), because the Human Resources Code prohibits the disclosure of "the names of, or any information concerning, persons applying for or receiving [Medicaid] assistance." Tex. Human Res. Code § 12.003(a); see Tex. Gov't Code §§ 552.022 (providing mandatory disclosure for certain categories of documents unless they are "expressly confidential under other law"), .101 (exemption to disclosure for confidential information); .352 (offense for distribution or misuse of confidential information). The Attorney General argues that the requested information is not confidential because it does not identify the individuals from whose claims the information is derived and, thus, is not "any information concerning" Medicaid applicants or recipients. Considering competing motions for summary judgment, the trial court determined that the requested information is protected from disclosure and granted summary judgment in favor of HHSC. The Attorney General appeals. We will reverse the district court's summary judgment and remand the case for further proceedings.
Background
HHSC is charged with supervising the administration and operation of the Texas Medicaid program. See Tex. Gov't Code §§ 531.0055(b)(1), .021. In August 2014, HHSC received a public-information request *209 for certain information derived from Medicaid reimbursement claims submitted to HHSC by healthcare providers during the calendar years 2012, 2013, and the first six months of 2014. The specific Medicaid-claim information requested was "date of service; procedure code; claim status; billed amount; paid amount; provider name; provider National Provider Identifier; provider masked Texas Provider Identifier; provider type code; provider specialty code; provider county code; provider zip code; and billing entity."
Asserting that the request sought "information concerning" Medicaid recipients, and thus was confidential information under the Human Resources Code, HHSC refused to release the information and instead sought a letter ruling from the Attorney General regarding HHSC's disclosure obligations under the PIA. See Tex. Hum. Res. Code §§ 12.003(a) (prohibiting use or disclosure of "names, or any information concerning," Medicaid applicants or recipients), 21.012(a)(1) (requiring HHSC to "restrict the use or disclosure of information concerning" Medicaid applicants and recipients), Tex. Gov't Code § 552.301(a) (directing governmental body seeking to withhold information to request Attorney General ruling). The Attorney General's Open Records Division determined that the Medicaid claim numbers are confidential under section 12.003 and, thus, must be withheld under the PIA's exception to disclosure for information made confidential by law, but that the remaining requested information is public information subject to disclosure under the PIA because it does not identify the Medicaid recipients. See Tex. Att'y Gen. OR2014-20095, at 2 (determining that the requested information "consists of identifying information of providers rather than Medicaid recipients").
HHSC filed suit in Travis County District Court, seeking relief from compliance with the Attorney General's decision via declaratory judgment that the requested information was confidential under section 12.003 of the Human Resources Code. See Tex. Gov't Code § 552.324 (authorizing declaratory action by governmental body to withhold information). Both parties filed cross motions for summary judgment, joining issue on the interpretation of section 12.003 as it relates to the requested information. The Attorney General contended that section 12.003 should be interpreted narrowly to protect only information that identifies Medicaid recipients or applicants. HHSC argued for a broader interpretation under which the requested information is confidential because it is "information concerning" Medicaid recipients. The trial court "determine[d] that the information at issue is protected from disclosure by section 552.101 of the Texas Government Code," granted HHSC's summary-judgment motion, and denied the Attorney General's cross-motion.
Analysis
The Attorney General challenges the district court's judgment in one issue, asserting that the requested information at issue here is not confidential, and thus not excepted from required public disclosure under the PIA, because the information is not "concerning" individual information regarding Medicaid applicants or recipients. More specifically, the Attorney General maintains that, while Human Resources Code section 12.003"clearly expresses a legislative intent to encompass the broadest range of individual client information," Tex. Att'y Gen. OR2014-20095, at 2, the requested information here is not information that involves the personal interests of Medicaid applicants and recipients, but rather data relating to healthcare service *210 providers and provider claims for reimbursement.
We begin our analysis of this issue with a general review of the PIA's provisions and policies. The PIA explicitly instructs our inquiry here, emphasizing the fundamental policy of this State that "government is the servant and not the master of the people," and that the people of Texas, "in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know." The PIA insists that citizens "remain[ ] informed so that they may retain control over the instruments they have created," therefore, Texans are entitled "to complete information about the affairs of government and the official acts of public officials and employees." Tex. Gov't Code § 552.001(a) ; see Jackson v. State Office of Admin. Hearings , 351 S.W.3d 290, 293 (Tex. 2011). To advance these policy goals, the Legislature has directed that courts "liberally construe" the PIA in favor of open disclosure of requested information. See Tex. Gov't Code § 552.001 ("This chapter shall be liberally construed in favor of granting a request for information."). The necessary corollary to this directive is that exceptions to disclosure must be construed narrowly. Texas State Bd. of Chiropractic Exam'rs v. Abbott , 391 S.W.3d 343, 347 (Tex. App.-Austin 2013, no pet.) ("Exceptions to the disclosure requirement of the PIA are narrowly construed.") (citing Arlington Indep. Sch. Dist. v. Texas Att'y General , 37 S.W.3d 152, 157 (Tex. App.-Austin 2001, no pet.) ).
In keeping with its fundamental purpose of promoting transparency in government, the PIA's key provisions obligate the government, stated generally, to make public information reasonably available to whomever properly makes a request. See Austin Bulldog v. Leffingwell , 490 S.W.3d 240, 244-45 (Tex. App.-Austin 2016, no pet.) (describing PIA process). Only if the requested public information falls under one of the PIA's specific exceptions to disclosure or, at issue here, if the public information is made "confidential by law, either constitutional, statutory, or by judicial decision," can the governmental body avoid disclosure. See Tex. Gov't Code § 552.101 ; Austin Bulldog , 490 S.W.3d at 244-45.
HHSC seeks to withhold the information requested here under the PIA's confidential-by-law exception to disclosure. See Tex. Gov't Code §§ 552.101 (exemption for confidential information), .022 (providing mandatory disclosure for certain categories of documents unless they are "expressly confidential under other law"), .352 (offense for distribution or misuse of confidential information). HHSC contends that the requested information at issue here is confidential because the Human Resources Code prohibits disclosure of "information concerning[ ] persons applying for or receiving [Medicaid] assistance." Tex. Hum. Res. Code § 12.003 ; see In re City of Georgetown , 53 S.W.3d 328, 334 (Tex. 2001) (holding that information is "confidential" if statute or rule prohibits its disclosure). The Attorney General asserts that section 12.003 makes confidential only information that is individual to or that identifies Medicaid recipients or applicants. Resolving this issue, then, presents us with a matter of statutory construction, a question of law that we review de novo. See State v. Shumake , 199 S.W.3d 279, 284 (Tex. 2006).
As the Texas Supreme Court has emphasized repeatedly, our "primary objective" in statutory construction "is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen." Traxler v. Entergy Gulf States, Inc. , 376 S.W.3d 742, 747 (Tex. 2012)
*211 ; see, e.g. , Southwest Royalties, Inc. v. Hegar , 500 S.W.3d 400, 404 (Tex. 2016) ("Our primary objective is to give effect to the Legislature's intent, which we ascertain from the plain meaning of the words used in the statute, if possible."); TGS-NOPEC Geophysical Co. v. Combs , 340 S.W.3d 432, 439 (Tex. 2011) ("When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent.... To discern that intent, we begin with the statute's words."). We must read words and phrases "in context" and construe them "according to the rules of grammar and common usage." Tex. Gov't Code § 311.011(a). "Language cannot be interpreted apart from context. The meaning of a word that appears ambiguous when viewed in isolation may become clear when the word is analyzed in light of the terms that surround it." TGS-NOPEC , 340 S.W.3d at 441.
Construction of section 12.003
Our analysis of the parties' statutory-construction arguments turns upon the language of Human Resources Code section 12.003(a), which provides in relevant part:
Except for purposes directly connected with the administration of [Medicaid] programs ..., it is an offense for a person to ... disclose ... or to authorize ... the use of the names of, or any information concerning, persons applying for or receiving [Medicaid] assistance if the information is directly or indirectly derived from the records, papers, files, or communications of [HHSC] or acquired by employees of [HHSC] in the performance of their official duties.
Tex. Hum. Res. Code § 12.003(a) (emphasis added). Because there is no dispute that the un-emphasized material portions of this provision apply to the requested information at issue here, our focus is limited to the scope of the phrase "the names of, or any information concerning, persons applying for or receiving [Medicaid] assistance." Id.
HHSC argues that the requested information is necessarily "information concerning" Medicaid recipients because it is derived from individual recipients' Medicaid-claim records that involve the provision of Medicaid services. Specifically, HHSC urges that disclosure of the requested information is prohibited "[b]ecause claim-level information, relating to an individual Medicaid recipient, disclosed on a claim-by-claim basis, inherently concerns the individual recipient from whose claim such information is directly derived." Although the claim-level information plainly has a factual relationship to Medicaid recipients, we disagree that this relationship in itself establishes that the information is "information concerning" Medicaid recipients in the sense that phrase is used in section 12.003.
The fact that the requested information at issue here is necessarily taken from individuals' Medicaid files is not, as HHSC seems to argue, dispositive here. Although section 12.003 does require that the protected information be derived from HHSC records, the information from those records is not ultimately shielded from disclosure unless it is "information concerning[ ] persons applying for or receiving [Medicaid] assistance." Tex. Hum. Res. Code § 12.003(a) (emphasis added). Stated another way, the plain language of section 12.003 does not make all information derived from Medicaid records confidential, only the information in a Medicaid record that "concerns" a Medicaid recipient or applicant. Had the Legislature intended for this provision to shield all information derived from these Medicaid records simply *212 because it comes from Medicaid records, it could have easily done so by using different text, not to mention fewer words.
We recognize that "concerning" is capable of broad meaning, see The American Heritage Dictionary of the English Language 381 (5th ed. 2011) (defining "concerning" as "in reference to"), but the legislative directive to construe the PIA liberally in favor of disclosure-and its correlative directive to construe exceptions to disclosure narrowly, see Chiropractic Exam'rs , 391 S.W.3d at 347 -combined with principles of statutory construction compel us to construe "concerning" more narrowly than suggested by HHSC. First, we note that if we were to construe "concerning" here as suggested by HHSC, no information from claims for Medicaid, which is undisputedly a program funded with public money, would be accessible to the public through a PIA request for disclosure. To do so would also go against the plain intent of section 12.003 given that, as noted above, the Legislature did not impose a blanket prohibition on disclosure, but chose to make only certain information confidential. Likewise, by using both "names" and "or any information concerning" to modify "persons," the text of section 12.003 suggests an intent to protect only that information that is individual to or that identifies the claimant or applicant. To read the phrase "any information concerning" without reference to its antecedent "names"-i.e., out of its context-renders the Legislature's use of the word "names" superfluous given that a person's name is always "information concerning" that person. See Crosstex Energy Servs., L.P. v. Pro Plus, Inc. , 430 S.W.3d 384, 390 (Tex. 2014) ("We must not interpret the statute 'in a manner that renders any part of the statute meaningless or superfluous.' "); see Texas Lottery Comm'n v. First State Bank of DeQueen , 325 S.W.3d 628, 635 (Tex. 2010) ("We presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind."). But simply considering the plain text in context, section 12.003 expresses an intent to shield only that information in Medicaid records that names or refers to Medicaid applicants or recipients-i.e., identifies the applicants or recipients, discloses their personal information, or could be used to identify them or disclose their personal information-not an intent to shield all information concerning Medicaid claims.
Summary judgment
Having determined that the Human Resources Code makes confidential only that information in a Medicaid records that identifies or may identify applicants or recipients and their personal information, we turn to the parties' cross motions for summary judgment to determine what judgment the trial court should have rendered. See Merriman v. XTO Energy, Inc. , 407 S.W.3d 244, 248 (Tex. 2013) (holding that where both parties move for summary judgment and the trial court grants one motion and denies the other, "we determine all issues presented and render the judgment the trial court should have rendered").[1]
In its motion for summary judgment, HHSC presented, under seal, a sample of the information responsive to the request at issue here and an accompanying sworn document explaining the various categories *213 of data in the sample that would be responsive to the request at issue here. As alluded to above, HHSC's sample data lists the following categories of information on a claim-by-claim basis, to which we have added HHSC's explanation where necessary:
Claim number
Detail line number ("refers to a specific line on an individual claim where a procedure code is listed; it is included whenever procedure codes are requested")
Date of service
Procedure code ("specifies which procedure(s) and/or service(s) were provided for the Medicaid recipient")
Current status
Billed amount
Paid amount
NPI ("National Provider Identifier")
TPI ("Texas Provider Identifier")
Provider name (identifies "the name of the provider who billed Medicaid")
Provider type ("refers to the kind of provider who submitted the claim, such as an individual doctor, a group practice, or hospital organization")
Specialty ("identifies speciality or sub-specialty of the doctor or hospital")
Phys county
Phys state
Phys ZIP
Program -indicates how the provider was paid (either directly by Medicaid administrator or reimbursement by a managed-care organization)
In its summary-judgment motion, HHSC contends that this information is necessarily "information concerning" a Medicaid recipient, and therefore confidential, because it is directly derived from Medicaid claims submitted to HHSC. Regarding the date-of-service category (i.e., when a Medicaid client received a particular service), HHSC argues that the Health Insurance Portability and Accountability Act protects a patient's admission and discharge date. For procedure code, HHSC contends that this information is concerning a Medicaid recipient because it discloses the medical services provided to that recipient and could also "implicitly disclose" a diagnosis or past medical history. As for the remaining categories, HHSC acknowledges in its motion that the information was "not necessarily confidential in and of itself," but that it was nevertheless confidential under the Human Resources Code because of its connection to the other responsive data. Specifically, HHSC argued that the collective information should be confidential because it reveals the what, when, and where of the recipient's medical treatment.
HHSC's summary-judgment evidence does nothing more than establish what specific categories of data it has that would be responsive to the request at issue here and examples of the information contained in those categories. HHSC's evidence does not conclusively establish that the information in its sample identifies or refers to any claimant or discloses their personal information, nor does it establish, despite HHSC's conclusory assertions to the contrary, that the information, or some combination of the information, could be used to identify claimants or their personal information. Likewise, the Attorney General's motion for summary judgment, which did not offer any additional evidence, fails to conclusively negate that the information in the sample identifies or refers to individuals or discloses their personal information, or negate that someone could derive such from the information provided. Accordingly, neither party is entitled to summary judgment on the record before us.
Conclusion
Because neither party was entitled to judgment as a matter of law, we reverse *214 the trial court's judgment and remand the case for further proceedings consistent with this opinion.
Dissenting Opinion by Justice Bourland

We review a trial court's summary judgment de novo. Valence Operating Co. v. Dorsett , 164 S.W.3d 656,661 (Tex. 2005). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).