

## NUMBER 13-14-00447-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

JAMES FRAZIER,                                               **Appellant,**

**v.**

GNRC REALTY, LLC,                                       **Appellee.**

---

### On appeal from the 135th District Court
### of Jackson County, Texas.

---

## DISSENTING OPINION

### Before Justices Benavides, Perkes, and Longoria
### Dissenting Opinion by Justice Perkes

Because I disagree that Frazier's original answer and responsive discovery clearly waived his right to dismiss GNRC's suit against him for not complying with Texas Civil Practice and Remedies Code section 150.002, I respectfully dissent.

I agree with the majority's recitation of the applicable standard of review, the controlling law on section 150.002, and the law of waiver. I disagree, however, that one sentence from Frazier's original answer and a single responsive admission to a request for admission amounts to a substantial invocation of the judicial process "clearly demonstrating an intent to waive the right to dismiss under subsection 150.002(3)." *Crosstex Energy Servs. L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014).

In deciding that Frazier waived his right to dismiss under section 150.002, the majority relies on *Murphy v. Gutierrez. See* 374 S.W.3d 627 (Tex. App.—Fort Worth, 2012, pet. filed). *Murphy* is an outlier to the law on waiver for the section 150.002 certificate; the *Murphy* Court recognized that no intermediate appellate court that had considered waiver in the context of section 150.002 had ever found waiver to exist. *See id.* at 630. The *Murphy* Court concluded that the following conduct evidenced intent by the engineer defendant to waive the certificate requirement:

> For over three and one-half years, the parties litigated this case. Specifically, Gutierrez undertook written discovery; deposed the plaintiffs; participated in being deposed by co-defendant and cross-plaintiff Classic; designated an expert witness and presented him for deposition; filed traditional and no-evidence summary judgment motions, which the trial court granted in part; objected to the Murphy's summary judgment evidence; and participated in post-summary judgment mediation. Gutierrez also entered into an agreement to extend discovery so that Gutierrez could conduct discovery with respect to Classic's cross-claim. . . . [F]ive days before a scheduled trial on the merits, Gutierrez filed an amended motion to dismiss, again based on Murphy's failure to file a section 150.002 certificate of merit.

*Id.* at 629.

Considering the totality of the circumstances and significant factors for substantial invocation, the *Murphy* Court concluded that because Gutierrez "participated extensively

2

in discovery," sought and received affirmative relief, participated in court-ordered mediation, and waited for over three and one-half years until the "eve of trial" to re-urge his motion to dismiss, he had manifested an intent to litigate the case, thereby waiving his right to dismiss under section 150.002. *See id.* at 633–36.

*Murphy* is distinguishable from this case. In contrast to the engineer in *Murphy*, Frazier's participation in discovery was limited and responsive, and Frazier did not request affirmative relief, participate in mediation, or wait years to assert his right to dismiss. Although Frazier filed an original answer,

> Filing an answer is . . . inconsequential in the analysis. *See, e.g., Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 434–35 (Tex. App.—Fort Worth 2005, no pet.) (held it is not inconsistent or unreasonable for a defendant to answer before moving to dismiss). We should not penalize parties or their attorneys for acting out of an abundance of caution and protecting their interests by filing an answer.

*Crosstex Energy*, 430 S.W.3d at 394. Similarly, "participation in discovery," such as responding to requests for admission, and even "filing motions for summary judgment do not necessarily demonstrate an intent to waive the right to move for a dismissal." *Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 414 (Tex. App.—Waco 2010, pet. denied); *see Crosstex Energy*, 430 S.W.3d at 394–95 (defendant's "flurry of activity," which included moving for continuance, engaging in discovery, entering Rule 11 agreement, and allegedly exchanging "11,000 pages of written discovery," did not manifest "an intent to waive the right to dismiss under section 150.002(e)"). Frazier's participation was much less than that of the *Crosstex Energy* and *Ustanik* defendants, whose greater participation was nevertheless insufficient to manifest an intent to waive

3

dismissal under section 150.002. *See Crosstex Energy*, 430 S.W.3d at 394–95; *Ustanik*, 320 S.W.3d at 413–14.

Although citing substantial-invocation case law, the majority's analysis is not a substantial-invocation inquiry; the majority's holding does not turn on the quantity of participation but rather on the content of it. Specifically, the majority construes a single sentence in Frazier's original answer and a single response to GNRC's requests for admission as being substantively inconsistent with his right to dismiss under section 150.002. No other appellate court has gleaned a 150.002 waiver from a responsive pleading and discovery response. In short, Frazier's answer and responsive admission do not manifest a clear intent to litigate rather than dismiss the case.

First, although Frazier admitted in his pro se answer that the HVAC design was faulty, he stated Capt & Smart designed it, placing GNRC's allegations against him personally at issue. Moreover, Frazier subsequently filed an amended answer that included a general denial, thereby placing all matters in issue.[1] TEX. R. CIV. P. 85, 92; *Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 744 (Tex. 1973) ("[A] general denial puts [plaintiff] on proof of every fact essential to his case and issue is joined on all material facts asserted by [plaintiff] except those which are required to be denied under oath."). Frazier did not admit liability in his pro se answer or otherwise fail to contest the allegations against him.

Second, the majority makes much of Frazier's response to GNRC's Request of Admission No. 5, which requested Frazier to admit that "part of [his] duties [were] to

---

[1] The record shows that after the trial court denied his motions to dismiss, Frazier filed an amended answer in which he asserted a general denial.

4

ensure that the facility was constructed pursuant to the requirements and regulations contained in Title 40 of the Texas Administrative Code, Chapter 19, Nursing Facility Requirements for Licensure and Medicaid Certification." Frazier's responsive admission simply acknowledged a certain standard applied; it did not admit Frazier breached a duty to GNRC. Neither was it related to or clearly inconsistent with Frazier's right to have GNRC's claim dismissed under section 150.002.

Because I disagree that Frazier's participation and conduct manifested a clear intent to waive his right to have GNRC's claim dismissed under section 150.002, I respectfully dissent.

GREGORY T. PERKES
Justice

Delivered and filed the 29th
day of August, 2014.

5