**Opinion issued August 24, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00743-CV

———————————

**JAMES DEAVER SERVICES, INC., Appellant**

**V.**

**BICHON ROOFING & GENERAL CONTRACTORS, INC., Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 21-CV-0386**

---

## MEMORANDUM OPINION

This case is an interlocutory appeal from the trial court's denial of a motion to dismiss filed by appellant James Deaver Services, Inc. ("JDSI"). Appellee Bichon Roofing and General Contractors, Inc. ("Bichon"), a defendant in the underlying lawsuit, filed a cross-claim alleging professional negligence by co-

defendant JDSI. JDSI, a professional engineering firm, sought dismissal because Bichon failed to file a certificate of merit in accordance with Chapter 150 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 150.001–.004. Bichon argued that JDSI waived its right to dismissal under Chapter 150 by substantially litigating the case and by filing the dismissal motion on "the eve of trial." The trial court denied the motion, and JDSI appealed.

We agree that JDSI's litigation conduct demonstrated its intent to waive its Chapter 150 remedy, and we affirm.

## Background

In March 2021, Don Mafrige sued JDSI and Bichon for negligence and fraud in connection with the replacement of a roof on Mafrige's commercial property in Galveston. Two months later, Bichon filed a cross-claim against JDSI asserting professional negligence and breach of contract. In August 2021, JDSI answered Mafrige's suit and Bichon's cross-claims.

In December 2021, JDSI moved to dismiss Mafrige's claims for failure to file a certificate of merit in compliance with the statute. This motion did not address Bichon's cross-claims or assert that they should also be dismissed for failure to file a certificate of merit. About two months later, on February 23, 2022, the trial court denied JDSI's motion to dismiss, and JDSI appealed.

2

While that interlocutory order was on appeal, litigation continued in accordance with the agreed discovery and docket control order, which set trial for September 26, 2022, and established the following deadlines:

| | |
|---|---|
| Expert designations | April 1 & May 1, 2022 |
| Pleading amendments | July 8 & 22, 2022 |
| Mediation | July 26, 2022 |
| Dispositive motions | August 3, 2022 |
| Discovery & motions for continuance | August 26, 2022 |
| Witness & exhibit lists, deposition designations | September 2, 2022 |
| Motions in limine | |
| Rebuttal & cross-examination designations | September 9, 2022 |
| Objections to witnesses, exhibits, designations | September 14, 2022 |
| Pretrial conference | September 19, 2022 |

JDSI propounded and responded to discovery, designated an expert witness, requested and conducted oral depositions, and participated in mediation. JDSI also filed a trial exhibit list identifying 73 exhibits (including four demonstrative exhibits for trial), a witness list, and a designation of deposition testimony.

On September 13, 2022, this Court issued an opinion holding that Mafrige's certificate of merit did not comply with Chapter 150. *James Deaver Servs., Inc. v. Mafrige*, No. 01-22-00194-CV, 2022 WL 4137305, at \*6–7 (Tex. App.—Houston [1st Dist.] Sept. 13, 2022, no pet.) (mem. op.). We remanded the case to the trial court for entry of an order dismissing Mafrige's claims against JDSI.

One day after our opinion issued, JDSI filed a motion in limine seeking to exclude certain matters from the jury. The next day, two days after our opinion issued, JDSI filed a "supplemental" Chapter 150 dismissal motion, for the first

3

time seeking dismissal of Bichon's cross-claims because it failed to file a certificate of merit. In its response, Bichon urged the trial court to deny the motion, arguing that the motion was filed after the deadline for dispositive motions on the trial court's docket control order and less than two weeks before the trial setting of September 26, 2022.

The trial was reset for October 24, 2022. The court heard JDSI's dismissal motion on October 6, 2022, and denied the motion on October 10, 2022. JDSI appealed, and this Court subsequently stayed all trial court proceedings pending resolution of this appeal.

**Analysis**

In a single issue, JDSI argues that the trial court abused its discretion by denying the motion to dismiss Bichon's cross-claims for failure to file a certificate of merit. Bichon argues that the trial court did not abuse its discretion because JDSI's motion was untimely under the trial court's docket control order and because JDSI waived its right to seek dismissal based on the certificate of merit requirement.

I.    **Chapter 150's certificate of merit and early dismissal provisions**

Section 150.002 of the Civil Practice and Remedies Code gives licensed and registered professionals and the firms where they practice "the right to a professional certification that any complaint about their services has merit before

any litigation may be undertaken at all." *LaLonde v. Gosnell*, 593 S.W.3d 212, 220 (Tex. 2019) (citing TEX. CIV. PRAC. & REM. CODE § 150.002(a), (b), (d)). "Absent a properly filed certificate of merit, professionals have the right to avoid litigation entirely." *Id.* This early dismissal provision allows defendants to save "the expense of protracted litigation" by "quickly jettison[ing] meritless lawsuits." *Id.*

Ordinarily, a defendant's right to dismissal arises immediately upon the filing of a complaint without an expert's sworn certificate of merit. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE § 150.002(a), (c) (referring to "contemporaneous filing requirement"); *see also Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 393 (Tex. 2014) (holding that filing requirement is mandatory, but non-jurisdictional). A "complaint" includes both an original petition and an original cross-claim, which, "for the first time, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional." TEX. CIV. PRAC. & REM. CODE § 150.001(1-b) (defining "complaint").

Chapter 150 does not provide a deadline for seeking dismissal, but it "quite plainly provides ample opportunity to do so without the need to engage in any other litigation activity, at least when no certificate has been filed." *LaLonde*, 593 S.W.3d at 221. The Texas Supreme Court has held that "the absence of a deadline for asserting a right—whether arising under a statute, a contract, or the

5

constitution—does not preclude implied waiver by conduct inconsistent with claiming the right." *Id.* And a defendant may impliedly waive its Chapter 150 right to seek dismissal by conduct inconsistent with claiming the right. *Crosstex Energy Servs.*, 430 S.W.3d at 393.

## II. Implied waiver by litigation conduct

"Waiver is the 'intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *LaLonde*, 593 S.W.3d at 218–19 (quoting *Crosstex Energy Servs.*, 430 S.W.3d at 391). A finding of implied waiver depends on consideration of the surrounding facts and circumstances. *Id.* at 219. But when the relevant facts are undisputed, as is the situation here, waiver is a question of law that we review de novo.[*] *Id.* at 220.

"[T]he universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue—whether the right originates in a contract, statute, or the constitution." *Id.* at 219–20. Factors relevant to whether a

---

[*] Ordinarily, we review a trial court's order on a motion to dismiss for failure to file a compliant certificate of merit in accordance with Civil Practice & Remedies Code § 150.002 for an abuse of discretion. *TRW Eng'rs, Inc. v. Hussion St. Bldgs., LLC*, 608 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 493–95 (Tex. 2017) (discussing trial court's discretion to grant dismissal with or without prejudice). As noted, we review the question of implied waiver by litigation conduct de novo in this case, where the relevant facts are undisputed.

party's litigation conduct demonstrates an intent to repudiate a known right include:

    (1)    participation in discovery;
    (2)    the stage of litigation at which dismissal is sought;
    (3)    the time elapsed in litigation;
    (4)    whether the movant has sought affirmative relief; and
    (5)    participation in alternative dispute resolution.

*Id.* at 223–26; *Gonzalez v. Momentum Design & Constr., Inc.*, 633 S.W.3d 678, 689–90 (Tex. App.—El Paso 2021, pet. denied). Some litigation conduct—for example, filing an answer out of an abundance of caution—may not be inconsistent with a defendant's rights under Chapter 150. *LaLonde*, 593 S.W.3d at 221. Conversely, "conduct that may seem negligible in isolation may nonetheless unequivocally demonstrate an intent to abandon section 150.002's requirements when the party's conduct is cumulatively considered in light of the surrounding facts and circumstances." *Id.* at 223. Thus, when considering implied waiver of the right to dismissal under Chapter 150, we consider the totality of the circumstances, focusing on "the degree to which a party has chosen to litigate despite the plaintiff's noncompliance with the statutory requirement of a threshold merits certification and the availability of a mandatory dismissal right." *Id.*

## III.   JDSI's waiver

The record shows that JDSI waived its right to seek dismissal under Chapter 150 by its litigation conduct. Bichon filed its cross-claim against JDSI on May 13,

2021, giving rise immediately to JDSI's right to seek dismissal for Bichon's failure to comply with the certificate of merit requirement. *See id.* at 220. But JDSI did not immediately seek dismissal of Bichon's cross-claim. Instead, JDSI first sought dismissal of Mafrige's claims on the ground that the certificate of merit was inadequate. JDSI did not include Bichon in that motion to dismiss, and Bichon never asserted that it was relying on Mafrige's certificate of merit. JDSI first moved to dismiss Bichon's cross-claim 490 days, or about 16 months, after Bichon filed the cross-claim.

By the time that JDSI filed its motion to dismiss Bichon's cross-claim, JDSI had participated in discovery by propounding and responding to requests, requesting and conducting oral depositions, retaining and designating an expert witness, and participating in mediation. Each of these activities incurred costs that are inconsistent with a desire to save "the expense of protracted litigation" by "quickly jettison[ing] meritless lawsuits." *Id.*

By the time JDSI filed its motion to dismiss Bichon's cross-claim, all discovery deadlines in the case had passed, along with the court-ordered deadline for filing dispositive motions. In addition, JDSI had participated in mediation and completed other tasks in anticipation of trial, such as filing an exhibit list, which included four demonstrative exhibits created for trial, filing a trial witness list, and

8

designating deposition excerpts for use at trial. These actions reflect JDSI's intent to litigate Bichon's cross-claim.

On appeal, JDSI argues that a motion to dismiss Bichon's cross-claim would have been futile because Bichon could have argued that it was entitled to rely on Mafrige's certificate of merit, and the trial court had already ruled that Mafrige's certificate of merit was adequate. JDSI appealed that ruling, and we did not stay litigation in the trial court during the pendency of that appeal. JDSI did not take any steps to dismiss Bichon's cross-claim while the appeal was pending. Instead, JDSI waited until two days after our *Mafrige* opinion issued to first seek dismissal of Bichon's cross-claim.

Four of the five factors identified in *LaLonde* support a conclusion that JDSI waived its right to seek dismissal under Chapter 150 by its litigation conduct: it participated in discovery, it sought dismissal on the eve of trial, 16 months had elapsed in litigation, and JDSI had participated in mediation. *See LaLonde*, 593 S.W.3d at 220. The record on appeal does not indicate whether JDSI otherwise sought affirmative relief as to Bichon's cross-claim, but it does indicate that JDSI sought—and ultimately obtained—affirmative relief on plaintiff-Mafrige's claims in this suit. By the time that JDSI sought dismissal, the case was ready for a pretrial conference and trial on the merits.

Considering the totality of the circumstances, including the degree to which JDSI litigated Bichon's cross-claim despite its obvious right to seek dismissal based on Bichon's failure to file any certificate of merit, we conclude that JDSI waived its right to seek dismissal under Chapter 150 by its litigation conduct. *See id.* at 223.

We overrule JDSI's sole issue.

## Conclusion

We affirm the order of the trial court. Our previously ordered stay of trial court litigation will terminate upon issuance of the mandate.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.